UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLEE JO STEVENS,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. C12-910-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Beverlee Jo Stevens seeks review of the denial of her Disability Insurance Benefits application. Ms. Stevens contends the ALJ erred by failing to consider migraine headaches at step four. Dkt. 15. The Court agrees and recommends **REVERSING** the Commissioner's decision and **REMANDING** the case for further administrative proceedings pursuant to sentence four.

**BACKGROUND**

The ALJ found[1] at **steps one, two, and three,** Ms. Stevens had not worked since January 1, 2008; degenerative arthropathy right shoulder (impingement) and lower extremities,

---

[1] As the Appeals Council denied Ms. Stevens's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

REPORT AND RECOMMENDATION - 1

degenerative joint disease lumbar spine, and obesity were severe impairments; and that these impairments did not meet the requirements of a listed impairment. The ALJ found Ms. Stevens had the **RFC** to perform light work as follows:

> she could lift or carry 20 pounds occasionally and 10 pounds frequently; she could sit or stand for one hour at a time before needing to change positions; with this accommodation she could sit, stand and walk up to 8 hours in an 8-hour day; she could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; she could frequently balance, and occasionally stoop, kneel, crouch, and crawl; she is limited to frequent right upper extremity overhead reaching due to status post fusion of the cervical spine; and she must avoid concentrated exposure to extreme cold, vibration, and hazards.

At **step four** the ALJ found Ms. Stevens could perform her past work as a teacher's aide, school secretary, accounting clerk, administrative assistant, and office manager and is not disabled. Tr. 7-19.

## DISCUSSION

Ms. Stevens contends, and the Court agrees, the ALJ did not "properly address evidence of the debilitating nature of Ms. Stevens' migraine headaches." Dkt. 15 at 6. This argument revolves around step four of the sequential evaluation process. Step four consists of three phases. First, the ALJ must evaluate the claimant's RFC. Second, the ALJ must determine the physical and mental demands of the claimant's past relevant work. And third, the ALJ must evaluate whether the claimant has the capacity to perform the past job.[2]

As discussed below, the ALJ erred by failing to (1) find migraine headache was a severe

---

[2] *See* SSR 82–62 (ALJ must carefully consider the interaction of the limiting effects of the claimant's impairments and the physical and mental demands of his or her past relevant work to determine whether the individual can still do that work); *see also* 20 C.F.R. § 416.920(f) (ALJ must compare the residual functional capacity assessment . . . with the physical and mental demands of claimant's past relevant work).

REPORT AND RECOMMENDATION - 2

impairment at step two, and (2) explain how migraine headaches factored into her RFC assessment and step four finding that Ms. Stevens could perform her past relevant work.[3]

### 1. The ALJ's step two analysis

At step two, Ms. Stevens had the burden to show (1) each of her conditions was a medically determinable impairment, and (2) that each condition was a severe impairment for at least 12 continuous months. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The record shows this burden was met. The first prong was met by Gia L. Hammen's, M.D., October 2009 "diagnosis of migraine headache." Tr. 13. Evidence from an acceptable medical source is required to establish the existence of a medically determinable severe impairment. 20 C.F.R. § 404.1513(a). Acceptable medical sources include licensed physicians, either medical or osteopathic doctors. *Id.* As Dr. Hammen is a licensed physician, her diagnosis establishes migraine headache was a medically determinable impairment at step two.

The second prong was met by Ms. Stevens's testimony. An ALJ must consider all of a claimant's statements about her symptoms. 20 C.F.R. § 404.1529(a). At step two, the ALJ may consider evidence from a claimant to show the severity of an impairment, and how it affects the claimant's ability to work. 20 C.F.R. § 404.1513(d). Here, Ms. Stevens testified she has had migraine headaches for three years and when she has a migraine headache, her "head is on fire and even moving my hair hurts," and that "it's like your head is in a vice in spots and you just want the pressure to stop. The pressure is searing and throbbing." Tr. 64. When she gets a

---

[3] The Court addresses the ALJ's step two finding despite Ms. Stevens's failure to specifically assign error at that step. The Court deems Ms. Stevens has not waived challenging the ALJ's step two findings, given the statement of the claim raised: "Whether the Commissioner erred when he failed to properly assess and analyze evidence relative to Ms. Steven's recurrent migraine headaches and resultant disabling pain?" Dkt. 15 at 1. Additionally, to address this claim, the Court necessarily must address whether migraine headaches are a severe impairment or not.

REPORT AND RECOMMENDATION - 3

migraine headache, Ms. Stevens testified she must "go into a darkened room and lay still." *Id.* Ms. Stevens's testimony establishes migraine headaches are not merely "a slight abnormality that has no more than a minimal effect on an individual's ability to work";[4] rather, they are a condition that significantly limits her ability to do basic work activities.

Accordingly, the ALJ erred in failing to find migraine headache was a severe impairment at step two. This error was not harmless. As discussed below, the ALJ also failed to account for limitations caused by migraine headaches in assessing Ms. Stevens's RFC and in making her step four findings.

### 2. *The ALJ's residual functional assessment and step four findings*

The ALJ's RFC assessment and step four findings are erroneous because the ALJ failed to address Ms. Stevens's migraine headaches and the limitations or symptoms arising from the condition. This is therefore not a case, as the Commissioner argues, in which the "ALJ properly considered Plaintiff's migraine headaches," and that any dispute over the evaluation of the evidence should be resolved as a matter of law in favor of the Commissioner. Dkt. 16 at 8-9. Rather, as discussed above, Dr. Hammen diagnosed migraine headaches and Ms. Stevens testified about the debilitating effects of the headaches. At the hearing, Ms. Stevens specifically alleged she was disabled due to "joint pain" and "migraine headaches," and testified about her migraine headache symptoms. Tr. 38. Despite this, the ALJ committed reversible error by failing to mention, address or discuss the impact migraine headaches had on Ms. Stevens's RFC, and in finding she could perform her past work at step four.

In assessing a claimant's RFC, the ALJ must consider the limitations and restrictions caused by the claimant's medically determinable impairments, including any related symptoms.

---

[4] *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 4

SSR 96-8p.  At step four, the ALJ had a duty to set forth a detailed analysis of the reasoning that formed the basis of her conclusion that Ms. Stevens could perform her past work.  *See* SSR 98–6p (describing the extensive narrative discussion requirements of the ALJ).  Accordingly, the ALJ was required to make specific findings on the record at each phase of the step four analysis.  *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (finding error where "ALJ, although noting [claimant's] limitation in both his findings of fact and hypothetical to the vocational expert, failed to explain how this limitation related to his finding that [the claimant] could perform her past relevant work").[5]

      The Ninth Circuit in *Pinto* reviewed an ALJ's failure to explain how the claimant's illiteracy factored into his analysis regarding her ability to perform her past relevant work.  *Id*. at 846.  The Ninth Circuit noted though the ALJ likely considered the claimant's limitation in a hypothetical to the VE, the ALJ erred by failing to explain how this limitation related to his finding that the claimant could perform her relevant past work.  *Id*. at 847.  The Ninth Circuit remanded the case for several reasons including the difficulty the court faced in reviewing the ALJ's decision where the ALJ failed to provide a sufficient explanation for his reasoning.  *Id*.

      As in *Pinto*, the ALJ here failed to provide any explanation of her consideration, if any, of Ms. Stevens's migraine headaches at step four, or in assessing her RFC.  The ALJ discussed Ms. Stevens's testimony as to all of her complaints other than migraine headaches.  Tr. 14-16.  However, the ALJ failed to mention or discuss Migraine headaches at all, other than in erroneously finding at step two the condition was a non-severe impairment.  Moreover, the ALJ

---

[5] The Court in *Pinto* also noted although the burden of proof lies with the claimant at step four, the ALJ still has the duty to make the requisite factual findings to support his conclusion. SSR 82-62.  *See* 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and 416.965. (n.3 omitted).  This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) and 416.920(e). *Pinto,* 249 F.3d at 844-45.

REPORT AND RECOMMENDATION - 5

failed to mention or discuss the effect of migraine headaches in combination with, and upon, her severe impairments. An ALJ must explain why "significant, probative evidence has been rejected," and must explain why uncontroverted medical evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). As this did not occur here, the ALJ erred.

At best, the ALJ's RFC and step four findings constitute an implicit rejection of Ms. Stevens's migraine headache limitations. But implicit rejections are insufficient where an ALJ, as is the case here, provides no explanation or no rationale regarding a limitation which the ALJ was required to address. *See Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (mere summarization and implicit rejection of treating physician's opinion insufficient).

Accordingly, because the ALJ failed to address, discuss, or make any findings regarding the impact migraine headaches had on Ms. Stevens's RFC, and ability to perform past work, the ALJ erred. The error was not harmless. Where the ALJ errs by failing to provide any reason for rejecting relevant evidence, the error is harmless only if the court "can confidently conclude that no reasonable ALJ, when not making the same error as the ALJ, could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Here, the vocational expert testified **if** Ms. Stevens was "likely to have more than three absences per month due to migraine headaches," she would not be employable. Tr. 69.

Given the expert's testimony, the ALJ's error was not harmless and calls for remand for further proceedings. Where the ALJ has committed reversible error, the Court has the discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d

REPORT AND RECOMMENDATION - 6

1273, 1290 (9th Cir. 1996)).  If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings.  *McCartey*, 298 F.3d at 1076.

Here, because there are several matters that must be clarified, remand for benefits is inappropriate.  Migraine headache may be a severe impairment but whether it is as limiting as Ms. Stevens claims has not been assessed as the ALJ did not discuss or analyze the impact of the headaches on Ms. Stevens's ability to perform gainful work.  Additionally, Ms. Stevens alleged an onset date of January 1, 2008.  Tr. 10.  But according to the medical record, she was not diagnosed with migraine headaches until October 2009.  Tr. 13.  On remand, the ALJ should also sort out what impact, if any, this has on Ms. Stevens's disability claim.

## CONCLUSION

For the foregoing reasons, the Court recommends **REVERSING** the Commissioner's decision and **REMANDING** the case for further administrative proceedings pursuant to sentence four.  On remand, the ALJ should consider migraine headaches to be as severe impairment for purposes of step-two, and proceed with the remaining steps of the five step disability evaluation process.  A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **April 3, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **April 5, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The

///

///

1 failure to timely object may affect the right to appeal.

2    DATED this 20th day of March, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8